| | |
|---|---|
| Joshua A. Sussberg, P.C. | James H.M. Sprayregen, P.C. |
| Christopher J. Marcus, P.C. | Benjamin M. Rhode (*pro hac vice* pending) |
| **KIRKLAND & ELLIS LLP** | **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 601 Lexington Avenue | 300 North LaSalle Street |
| New York, New York 10022 | Chicago, Illinois 60654 |
| Telephone:     (212) 446-4800 | Telephone:     (312) 862-2000 |
| Facsimile:     (212) 446-4900 | Facsimile:     (312) 862-2200 |

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BCBG MAX AZRIA GLOBAL HOLDINGS, LLC, | ) | Case No. 17-10466 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-4776857 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BCBG MAX AZRIA GROUP, LLC, | ) | Case No. 17-10465 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 95-4255942 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BCBG MAX AZRIA INTERMEDIATE HOLDINGS, LLC, | ) | Case No. 17-10467 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 37-1753673 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MLA MULTIBRAND HOLDINGS, LLC, | ) | Case No. 17-10468 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-1943854 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MAX RAVE, LLC, | ) | Case No. 17-10469 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 86-1159200 | ) | |
| | ) | |

## DEBTORS' MOTION FOR ENTRY
## OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION
## OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

BCBG Max Azria Global Holdings, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[1] respectfully state the following in support of this motion:

### Relief Requested

1.      By this motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief.  Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of New York

---

[1]     A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Holly Felder Etlin, Chief Restructuring Officer of BCBG Max Azria Global Holdings, LLC, (I) in Support of Chapter 11 Petitions and First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), on February 28, 2017 (the "Petition Date").

(the "Court") maintain one file and one docket for all of the jointly administered cases under the

case of BCBG Max Azria Global Holdings, LLC, and that the cases be administered under a

consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BCBG MAX AZRIA GLOBAL HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 17-10466 (___) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

2.      The Debtors further request that the Court order that the foregoing caption

satisfies the requirements set forth in Section 342(c)(1) of the Bankruptcy Code.

3.      The Debtors also request that a docket entry, substantially similar to the

following, be entered on the docket of each of the Debtors' cases other than the case of BCBG

Max Azria Global Holdings, LLC:

> An order has been entered in accordance with Rule 1015(b) of the
> Federal Rules of Bankruptcy Procedure directing the joint
> administration of the chapter 11 cases of: BCBG Max Azria Global
> Holdings, LLC; BCBG Max Azria Group, LLC; BCBG Max Azria
> Intermediate Holdings, LLC; MLA Multibrand Holdings, LLC;
> and Max Rave, LLC. All further pleadings and other papers shall
> be filed in and all further docket entries shall be made in Case No.
> 17-10466 (___).

4.      The Debtors also seek authority to file their monthly operating reports required by

the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*,

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, include: BCBG Max Azria Global Holdings, LLC (6857); BCBG Max Azria Group, LLC (5942);
BCBG Max Azria Intermediate Holdings, LLC (3673); Max Rave, LLC (9200); and MLA Multibrand
Holdings, LLC (3854). The location of the Debtors' service address is: 2761 Fruitland Avenue, Vernon,
California 90058.

issued by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

## Jurisdiction and Venue

5.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The statutory bases for the relief requested herein are Section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Basis For Relief

8.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

4

9.      Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]."  11 U.S.C. § 105(a).

10.     Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors.  *See*, *e.g.*, *In re Avaya Inc.*, No. 17-10089 (SMB) (Bankr. S.D.N.Y. Jan. 20, 2017); *In re Aéropostale, Inc.*, No. 16-11275 (SHL) (Bankr. S.D.N.Y. May 4, 2016); *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. July 16, 2015); *In re Chassix Holdings, Inc.*, No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015); *In re dELiA*s, Inc.*, No. 14-23678 (RDD) (Bankr. S.D.N.Y. Dec. 10, 2014).[2]

11.     Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity.  The entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration also will allow the U.S. Trustee and all parties-in-interest to monitor these chapter 11 cases with greater ease and efficiency.

12.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties-in-interest will not be harmed by the relief requested; instead, parties-in-interest will benefit from the cost reductions associated with the joint administration of

---

[2]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

these chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties-in-interest.

**Motion Practice**

13.    This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion.  Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

**Notice**

14.    The Debtors will provide notice of this motion to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the agent under the Debtors' proposed asset-based lending revolving debtor-in-possession credit facility and the Debtors' prepetition asset-based lending revolving credit facility lenders; (d) counsel to the administrative agent under the Debtors' proposed debtor-in-possession term loan credit facility and the Debtors' prepetition tranche B term loan lenders; (e) counsel to the Debtors' prepetition tranche A term loan lenders; (f) counsel to the Debtors' prepetition new tranche A term loan lenders; (g) holders of BCBG Max Azria Global Holdings, LLC common units; (h) holders of BCBG Max Azria Global Holdings, LLC preferred units; (i) the United States Attorney's Office for the Southern District of New York; (j) the Internal Revenue Service; (k) the Environmental Protection Agency; (l) the office of the attorneys general for the states in which the Debtors operate; (m) the Securities and Exchange Commission; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

6

## **No Prior Request**

15.     No prior request for the relief sought in this motion has been made to this or any other court.


[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  March 1, 2017

*/s/ Joshua A. Sussberg*
Joshua A. Sussberg, P.C.
Christopher J. Marcus, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Benjamin M. Rhode (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BCBG MAX AZRIA GLOBAL HOLDINGS, LLC, | ) | Case No. 17-10466 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-4776857 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BCBG MAX AZRIA GROUP, LLC, | ) | Case No. 17-10465 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 95-4255942 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BCBG MAX AZRIA INTERMEDIATE HOLDINGS, LLC, | ) | Case No. 17-10467 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 37-1753673 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MLA MULTIBRAND HOLDINGS, LLC, | ) | Case No. 17-10468 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-1943854 | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MAX RAVE, LLC, | ) | Case No. 17-10469 (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 86-1159200 | ) |  |
|  | ) |  |

## ORDER (I) DIRECTING JOINT ADMINISTRATION
## OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"):  (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and this Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 17-10466 (___).

3.    The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BCBG MAX AZRIA GLOBAL HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 17-10466 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

4.    The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.    A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than BCBG Max Azria Global Holdings, LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of:  BCBG Max Azria Global Holdings, LLC; BCBG Max Azria Group, LLC; BCBG Max Azria Intermediate Holdings, LLC; MLA Multibrand

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: BCBG Max Azria Global Holdings, LLC (6857); BCBG Max Azria Group, LLC (5942); BCBG Max Azria Intermediate Holdings, LLC (3673); Max Rave, LLC (9200); and MLA Multibrand Holdings, LLC (3854).  The location of the Debtors' service address is:  2761 Fruitland Avenue, Vernon, California 90058.

Holdings, LLC; and Max Rave, LLC.  All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 17-10466 (_____).

6.      One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

7.      The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

8.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the local rules of this Court are satisfied by such notice.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2017

_____
UNITED STATES BANKRUPTCY JUDGE